CHARLES LA BELLA
Deputy Chief
THOMAS B. W. HALL
ALISON L. ANDERSON
Trial Attorneys
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Avenue, NW
Washington, DC 20530
(202) 616-1682

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:12-CR-113-JCM-VCF |
| PAUL CITELLI | ) **UNOPPOSED MOTION TO** |
| Defendant. | ) **CONTINUE SENTENCING** |

COMES NOW, the United States of America, by and through ANDREW WEISSMANN, Chief, U.S. Department of Justice, Criminal Division, Fraud Section, and ALISON L. ANDERSON, Trial Attorney, U.S. Department of Justice, Criminal Division, Fraud Section, and moves to continue the sentencing hearing as to Paul Citelli presently set for October 27, 2015, at the hour of 10:00 am.

The parties respectfully request this Honorable Court to continue Citelli's sentencing hearing until November 17, 2015 due to a scheduling conflict and to allow time for the continuity of defense and government counsel.

This is the sixth request for a continuance of this Sentencing date.

Pursuant to General Order No. 2007-04, this Stipulation is entered into for the following reasons:

1. Government counsel has a scheduling conflict with the current sentencing date.

2. The defendant has entered a plea agreement with the United States that requires the defendant to cooperate with the United States in connection with its ongoing investigation of a fraudulent scheme involving Las Vegas Home Owners Associations. The defendant is cooperating with the United States in this investigation, which involves a number of co-conspirators.

3. The defendant's Plea Agreement affords the defendant potential consideration for downward departures at the time of sentencing if the defendant has provided substantial assistance to the United States, including the possibility of a United States Sentencing Guideline (U.S.S.G.) § 5K1.1 Motion. Sentencing for the defendant was continued months' ago so that the defendant would have the opportunity to cooperate in the trial *United States v. Markham*, Case No. 2:14-cr-00388-JCM-GWF, that took place on September 28, 2015.

4. Counsel for the United States has spoken with counsel for the defendant and counsel has agreed that the requested continuance is in the best interest of justice, and counsel does not oppose the continuance sought herein.

5. Denial of this request for continuance would deny the parties continuity of counsel and would not be in the best interest of justice.

6. The defendant is not in custody.

7. The United States also requests an order to exclude the additional time requested by this continuance in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), when considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(I) and 3161(h)(7)(B)(iv).

DATED this 7th day of October, 2015.

1
2
3
4
5
6
7
8
...
26

Respectfully submitted,

ANDREW WEISSMANN
Chief, U.S. Department of Justice
Fraud Section, Criminal Division

*/s/ Alison L. Anderson*
ALISON L. ANDERSON
Trial Attorney, U.S. Dept. of Justice
Criminal Division, Fraud Section

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CASE NO. 2:12-CR-113-JCM-VCF |
| | ) |
| PAUL CITELLI | )  **PROPOSED ORDER** |
| | ) |
| Defendant. | ) |

### FINDINGS OF FACT

Based on the Government's pending Unopposed Motion to Continue Sentencing, and good cause appearing therefore, the Court hereby finds that:

1. The parties are in agreement to continue the Sentencing date as presently scheduled.
2. This Court is convinced that an adequate showing has been made that to deny this request for continuance, taking into account the exercise of due diligence, would deny the parties of continuity of counsel:
    a. The defendant agreed in his plea agreement to cooperate against his coconspirators in any related indictments and trials.
    b. The United States agreed to consider downward sentencing concessions for the defendant's cooperation, including possible U.S.S.G. 5K1.1 Motions if substantial assistance resulted from such cooperation. This sentence was original set months' ago to give the defendant the opportunity to cooperate.
    c. Government counsel has a conflict with the current sentencing date.
    d. The defendant does not object to the continuance.

e. The defendant is out of custody.

3. For all the above-stated reasons, the ends of justice would best be served by continuing the Sentencing date.

## ORDER

**IT IS THEREFORE ORDERED** that the Sentencing date currently set for October 27, 2015, is vacated and is continued. It is further ordered that the defendant's sentencing hearing is set for November 17, 2015, at the hour of 1:30 p.m., in Courtroom # 6A.

**DATED** October 8, 2015.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PAUL CITELLI<br><br>　　　　Defendant. | CASE NO. 2:12-CR-113-JCM-VCF<br><br>**CERTIFICATE OF SERVICE** |

　　　I, the undersigned, hereby certify that this pleading was filed with the clerk of court via ECF and will be served electronically via ECF on all parties that have entered their appearances in this case.

　　　Dated: October 7, 2015

　　　　　　　　　　　　　　　　　　　　ANDREW WEISSMANN
　　　　　　　　　　　　　　　　　　　　Chief, U.S. Department of Justice
　　　　　　　　　　　　　　　　　　　　Fraud Section, Criminal Division

　　　　　　　　　　　　　　　　　　　　*/s/ Alison L. Anderson*
　　　　　　　　　　　　　　　　　　　　ALISON L. ANDERSON
　　　　　　　　　　　　　　　　　　　　Trial Attorney, U.S. Dept. of Justice
　　　　　　　　　　　　　　　　　　　　Criminal Division, Fraud Section